

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-85,165-02

### EX PARTE ROY EUGENE USSERY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 941215-A IN THE 184TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a building and sentenced to eighteen months' imprisonment. He did not appeal his conviction.

Applicant contends, among other things, that his plea was involuntary because in cause number 955938, a companion case, he was improperly charged with and convicted of a third degree felony. We set aside his conviction in cause number 955938. *Ex parte Ussery*, No. WR-85,165-01 (Tex. Crim. App. June 22, 2016) (not designated for publication).

The trial court recommended that we dismiss or deny this application and found that

Applicant was not confined for purposes of Article 11.07 and that Applicant's claims were barred by the doctrine of laches. We believe that the record should be further developed.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the State and trial counsel to respond to Applicant's claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first make findings of fact and conclusions of law as to whether Applicant's pleas in the present case and cause number 955938 were part of a "package deal." *See Ex parte Cox*, 482 S.W.3d 112 (Tex. Crim. App. 2016). The trial court shall then make findings and conclusions as to whether Applicant's plea in the present case was involuntary because he was improperly charged with and convicted of a third degree felony in cause number 955938. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be

requested by the trial court and shall be obtained from this Court.

Filed:  February 27, 2019
Do not publish